IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOGANTREE LP<br><br>*Plaintiff*,<br><br>v.<br><br>FITBIT INC.<br><br>*Defendant*. | CIVIL ACTION NO. 2:15-cv-1575<br>JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.   Plaintiff LoganTree LP files this, its Original Complaint for patent infringement. Plaintiff asserts claims for patent infringement of U.S. Patent No. 6,059,576 ("the '576 Patent"), as reexamined, against Defendant Fitbit Inc. under 35 U.S.C. §271, *et seq*. In support thereof, Plaintiff would respectfully show the Court the following:

**PARTIES**

2.   Plaintiff LoganTree LP ("Plaintiff" or "LoganTree") is a Nevada corporation with its principal place of business located at 123 W. Nye Lane, Carson City, NV 89706.

3.   Upon information and belief, Defendant Fitbit Inc. ("Defendant" or "Fitbit") is a Delaware corporation having its principal place of business located at 405 Howard Street, San Francisco, California, 94105.  Defendant may be served through its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Fitbit because Fitbit is present within and/or has minimum contacts with the State of Texas and the Eastern District of Texas; Fitbit has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Fitbit has sought protection and benefit from the laws of the State of Texas; Fitbit regularly conducts business within the State of Texas and within the Eastern District of Texas; Fitbit has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the State of Texas and in the Eastern District of Texas; Fitbit has committed the tort of patent infringement within the State of Texas and within this Judicial District; and Plaintiff's causes of action arise directly from Fitbit's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Fitbit directly and/or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Eastern District of Texas, including but not limited to the Accused Products identified below. Fitbit solicits customers in the State of Texas and in the Eastern District of Texas. Fitbit has customers who are residents of the State of Texas and the Eastern District of Texas and who use Fitbit's products and services, including the Accused Products, in the State of Texas and in the Eastern District of Texas. Fitbit derives substantial revenue from goods and service provided to individuals in Texas and in this Judicial

District.  Further, Fitbit has previously been subject to this Court's jurisdiction in the cases of *Sportbrain Holdings, Inc. v. Fitbit, Inc.*, Civil Action No. 2:13-00212-JRG-RSP (E.D. Tex.), *FEGO Precision Industrial Co, Ltd. v. Fitbit, Inc.*, No. 2:14-cv-40 (E.D. Tex.); *Olivistar, LLC v. Fitbit, Inc.*, No. 2:14-cv-536 (E.D. Tex.).

7. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.  On information and belief, Fitbit has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

**THE PATENT-IN-SUIT**

8. On May 9, 2000, the United States Patent and Trademark Office ("PTO") duly and lawfully issued the '576 Patent, entitled "Training and Safety Device, System and Method to Aid in Proper Movement During Physical Activity," after a full and fair examination.  A true and correct copy of the '576 Patent is attached hereto as Exhibit A.

9. On March 17, 2015, following a reexamination requested by LoganTree, the PTO issued a reexamination certificate for the '576 Patent, bearing U.S. Patent No. 6,059,576 C1 ("the '576 Reexamination Certificate").  A true and correct copy of the '576 Reexamination Certificate is attached hereto as Exhibit B.  The '576 Patent as reexamined is referred to as the "Reexamined '576 Patent."

10. The named inventor of the '576 Patent is Theodore L. Brann.

11. Mr. Brann assigned all right, title, and interest in the '576 Patent to Plaintiff LoganTree.

12. Plaintiff possess all rights of recovery under the '576 Patent and the Reexamined '576 Patent, including the exclusive right to sue for infringement and recover past damages.

13. The Reexamined '576 Patent generally relates to systems and methods for monitoring movement of body parts during physical activity using a movement sensor, in which a user-defined event can be detected and event information related to the detected user-defined event can be stored along with time stamp information reflecting a time at which the user-defined event occurred.

## COUNT ONE:  INFRINGEMENT OF THE REEXAMINED '576 PATENT

14. Plaintiff realleges paragraphs 1 through 13 herein.

15. Fitbit manufactures and sells to customers within the United States activity monitoring devices that infringe the Reexamined '576 Patent, including but not limited to the following (collectively "Accused Products"):  Fitbit Zip, Fitbit One, Fitbit Flex, Fitbit Charge, Fitbit Charge HR, and Fitbit Surge.

16. Fitbit, directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold and/or offered for sale the Accused Products, which monitor movement of body parts during physical activity using a movement sensor, in which a user-defined event can be detected and event information related to the detected user-defined event can be stored along with time stamp information reflecting a time at which the user-defined event occurred, which infringe one or more claims of the Reexamined '576 Patent.  Particularly, Fitbit makes, uses, provides, offers for sale, and sells the Accused Products that directly infringe at least claim 1 of the Reexamined '576 Patent, either literally or under the doctrine of equivalents.

17. The infringing actions of Fitbit are and have at all times been without the consent of, authority of, or license from Plaintiff.

18. As a direct and proximate result of the infringement of the Reexamined '576 Patent by Fitbit, Plaintiff has suffered damages in an amount that cannot yet be fully ascertained, which will be proven at trial.

19. Fitbit's infringement of Plaintiff's exclusive rights under the Reexamined '576 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law. Unless enjoined by this Court, Fitbit will continue to infringe the Reexamined '576 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LoganTree requests that the Court grant the following relief:

a) enter judgment that Defendant Fitbit infringes and has directly infringed the Reexamined '576 Patent under 35 U.S.C. § 271(a);

b) order Defendant to pay damages adequate to compensate Plaintiff for Defendant's infringement of the Reexamined '576 Patent pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interests, in an amount according to proof;

c) enter a permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all other persons and entities acting in concert or participation with them, from infringing the Reexamined '576 Patent.

d) in the event a permanent injunction is not granted, determine the conditions for future infringement or grant such other relief as the Court deems appropriate;

e) enter judgment that this case is exceptional under 35 U.S.C. § 285 and award Plaintiffs reasonable attorneys' fees and costs incurred in this action; and

f) award such other and further relief, at law or in equity, as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

DATED:  October 2, 2015

>Respectfully submitted,
>
>**MCCATHERN, P.L.L.C.**
>
>/s/ Arnold Shokouhi
>Arnold Shokouhi
>State Bar No. 24056315
>arnolds@mccathernlaw.com
>Levi G. McCathern, II
>State Bar No. 00787990
>lmccathern@mccathernlaw.com
>James E. Sherry
>State Bar No. 24086340
>jsherry@mccathernlaw.com
>3710 Rawlins, Suite 1600
>Dallas, Texas 75219
>Telephone:  214.741.2662
>Facsimile:  214.741.4717
>
>Of Counsel
>
>SUGHRUE MION P.L.L.C.
>William H. Mandir (*pro hac vice* pending)
>wmandir@sughrue.com
>Brian K. Shelton (*pro hac vice* pending)
>bshelton@sughrue.com
>2100 Pennsylvania Ave. NW
>Washington, DC 20037
>Telephone:  202.293.7060
>Facsimile:  202.293.7860
>
>*Attorneys for Plaintiff LoganTree LP*